**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELBERT LEE VAUGHT, IV,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>B. MIRANDA; et al.,<br><br>             Defendants - Appellees. | No. 12-15810<br><br>D.C. No. 2:10-cv-01108-MCE-DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Elbert Lee Vaught, IV, appeals pro se from the

district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Vaught failed to raise a genuine dispute of material fact as to whether the delay he experienced in receiving physical therapy for his back injury led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging delay of medical treatment evinces deliberate indifference must show delay led to further injury). Moreover, Vaught failed to raise a genuine dispute of material fact as to whether defendants were involved in or had any control over the filling and distribution of prescription medication in the prison and thus were responsible for his failure to receive his prescribed pain medicine. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (plaintiff must show personal involvement in alleged violations).

**AFFIRMED.**